UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| ABBVIE INC., A DELAWARE CORPORATION; ALLERGAN, INC., A DELAWARE CORPORATION; DURATA THERAPEUTICS, INC., A DELAWARE CORPORATION; ABBVIE PRODUCTS LLC, A GEORGIA LIMITED LIABILITY COMPANY; PHARMACYCLICS LLC, A DELAWARE LIMITED LIABILITY COMPANY; AND ALLERGAN SALES, LLC, A DELAWARE LIMITED LIABILITY COMPANY;<br><br>Plaintiffs,<br><br>vs.<br><br>MARTY JACKLEY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA; AND LARRY D. DEITER, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE SOUTH DAKOTA DIVISION OF INSURANCE;<br><br>Defendants. | 3:25-CV-03006-RAL<br><br><br>ORDER GRANTING IN PART MOTION TO CONSOLIDATE |
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARTY JACKLEY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA; AND LARRY D. DEITER, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE SOUTH DAKOTA DIVISION OF INSURANCE;<br><br>Defendants. | 3:25-CV-03021-RAL |

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, <br><br> Plaintiff, <br><br> vs. <br><br> MARTY J. JACKLEY, IN HIS OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF SOUTH DAKOTA; AND LARRY D. DEITER, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE SOUTH DAKOTA DIVISION OF INSURANCE; <br><br> Defendants. | 4:25-CV-04156-RAL |

Pending before this Court is Defendants Marty Jackley and Larry D. Deiter's Motion to Consolidate, Doc. 42 in 3:25-cv-03006-RAL. For the following reasons, the motion is granted in part.

Three cases have been filed in the United States District Court for the District of South Dakota over the course of this year that challenge and seek to enjoin the enforcement of recently enacted South Dakota law known as Senate Bill (SB 154), which restricts certain practices by pharmaceutical manufacturers, renders some practices to be deceptive trade practices, and grants a private right of action for violating SB 154. See AbbVie, Inc. et al. v. Jackley et al., Case No. 3:25-cv-03006-RAL; AstraZeneca Pharms. LP v. Jackley et al., Case No. 4:25-cv-04156-RAL; Pharm. Rsch. & Mfrs. of Am. (PhRMA) v. Jackley et al., Case No. 3:25-cv-03021-RAL. The undersigned was assigned to the first filed of these three cases—AbbVie, Inc. et al. v. Jackley et al., Case No. 3:25-cv-03006-RAL—and later received assignment to the other two such cases. The cases are not identical but have substantial overlap in claims and arguments.

The Plaintiffs across the three cases are either pharmaceutical manufacturers or a trade association of pharmaceutical manufactures, all of whom participate in the federal Section 340B

program, which is "a drug pricing program established by Congress in 1992" as part of the Federal Food, Drug, and Cosmetic Act. PhRMA v. McClain, 95 F.4th 1136, 1139 (8th Cir.), cert. denied, 145 S. Ct. 768 (2024) (citing 42 U.S.C. § 256b(a)(1)). "Section 340B incentivizes pharmaceutical manufacturers to provide qualified health care providers, referred to as 'covered entities,' with pricing discounts on certain drugs prescribed to individuals and families whose incomes fall below the federal poverty level." Id. Each Plaintiff asserts that SB 154 is preempted in some way by Section 340B.

In AbbVie, Inc. et al. v. Jackley et al., Case No. 3:25-cv-03006-RAL, the Plaintiffs allege the following claims: (1) SB 154 violates the Takings Clause of the U.S. Constitution; (2) SB 154 is preempted under the Supremacy Clause of the U.S. Constitution by Section 340B; (3) SB 154 is also preempted under the Supremacy Clause by the U.S. Department of Health and Human Services Health Resources and Services Administration's Pilot Rebate Program; and (4) SB 154 violates the Dormant Commerce Clause doctrine. Doc. 37 ¶¶ 132–83 in 3:25-cv-03006-RAL. The Plaintiffs seek declaratory relief that SB 154 effects an impermissible taking, is preempted by federal law and unconstitutional under the Supremacy Clause, and violates the Commerce Clause as well as "[a] declaration, order, and judgment holding that the 340B statute does not require drug manufacturers to provide 340B pricing to contract pharmacies or transfer or cause their discounted covered outpatient drugs to be transferred to contract pharmacies," and preliminary and injunctive relief enjoining enforcement of SB 154. Id. at 57–58.

In the second case, AstraZeneca Pharms. LP v. Jackley et al., Case No. 4:25-cv-04156-RAL, Plaintiff AstraZeneca alleges the following claims: (1) SB 154 is preempted by federal patent law; (2) SB 154's restriction on manufacturers' data collection is preempted by Section 340B; (3) SB 154 violates the Contracts Clause of the U.S. Constitution; and (4) SB 154 violates the Takings

Clause of the U.S. Constitution. Doc. 16 ¶¶ 90–147 in 4:25-cv-04156-RAL. For relief, AstraZeneca

> seeks an order: (1) declaring that SB 154 is preempted by federal patent law as applied to AstraZeneca's patented products; (2) declaring that SB 154's data collection restriction is preempted by Section 340B; (3) declaring that SB 154 is unconstitutional as applied to AstraZeneca under the federal Contracts Clause; (4) declaring that SB 154 is unconstitutional as applied to AstraZeneca under the federal Takings Clause; and (5) enjoining Defendants. . . from enforcing SB 154 against AstraZeneca through investigative demands, administrative proceedings, lawsuits seeking civil penalties or other relief, or in any other manner.

Id. ¶ 11. AstraZeneca seeks both preliminary and permanent injunctive relief to prevent "Defendants from implementing or enforcing SB 154 against AstraZeneca or any of its affiliates." Id. at 44.

The final case, PhRMA v. Jackley et al., Case No. 3:25-cv-03021-RAL, was originally filed in the Sixth Judicial Circuit in South Dakota state court and then subsequently removed by Defendants to this Court. Doc. 1 in 3:25-cv-03021-RAL. In PhRMA v. Jackley et al., Case No. 3:25-cv-03021-RAL, Plaintiff PhRMA alleges the following: (1) enforcement of SB 154 is barred by state law; (2) SB 154 is preempted under the Supremacy Clause of the U.S. Constitution; and (3) SB 154 constitutes unconstitutional extraterritorial regulation. Doc. 1-1 ¶¶ 160–218 in 3:25-cv-03021-RAL. PhRMA seeks declaratory judgment "that S.B. 154 does not apply where there are no actual 340B drug purchases by a '340B entity' in South Dakota," or alternatively, that SB 154 is "preempted and otherwise unconstitutional under the U.S. Constitution, and parallel injunctive relief prohibiting such enforcement against PhRMA's members." Id. ¶¶ 1, 4.

On September 16, 2025, the Defendants filed Motions to Consolidate in these three cases. Doc. 42 in 3:25-cv-03006-RAL; Doc. 2 in 3:25-cv-03021-RAL; Doc. 8 in 4:25-cv-04156-RAL. On November 21, 2025, this Court held a telephonic hearing to hear from all parties about their respective views of consolidation and the pending motions in the cases. This Court ruled on the

4

record in part and is entering separate orders setting deadlines on certain motions. This Court takes the opportunity to explain how it rules at this time on consolidation of the cases.

"If actions before the court involve a common question of law or fact," Federal Rule of Civil Procedure 42(a) grants a court the discretion to "join for hearing or trial any or all matters at issue in the actions," "consolidate the actions," or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). See also Enter. Bank v. Saettele, 21 F.3d 233, 236 (8th Cir. 1994) (noting "a common issue of law or fact is a prerequisite to consolidation"); Horizon Asset Mgmt. Inc. v. H & R Block, Inc., 580 F.3d 755, 768 (8th Cir. 2009) (concluding that consolidation was not an abuse of discretion where "[t]he actions involved common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself did not cause unfair prejudice"). However, even if consolidated, "cases retain much of their independent identity" as "[c]onsolidation does not merge lawsuits into a single action, 'or change the rights of the parties, or make those who are parties in one suit parties in another.'" United States v. Altman, 750 F.2d 684, 695 (8th Cir. 1984) (quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97 (1933)). Plaintiffs in consolidated cases "are still entitled to a decision on the merits of their claims." Horizon Asset Mgmt. Inc., 580 F.3d at 769 (cleaned up and citation omitted). However, "[c]onsolidation is inappropriate [] if it leads to inefficiency, inconvenience, or unfair prejudice to a party." E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).

Defendants request that these cases be consolidated "in order to promote judicial efficiency and avoid unnecessary costs." Doc. 42 at 2 in 3:25-cv-03006-RAL. Specifically, Defendants argue that these three cases involve common questions of law and fact as well as common parties, as (1) "AbbVie and AstraZeneca are both pharmaceutical manufacturers, and PhRMA is a trade organization representing pharmaceutical manufacturers"; (2) each complaint addresses the

5

federal law creating the 340B program and the state law SB 154; and (3) each complaint challenges SB 154 on preemption grounds, shares at least some claims with another complaint, and arises from challenges to the enforceability of SB 154. Id. at 5–6. As all three complaints challenge SB 154 on preemption grounds, Defendants argue that this commonality is sufficient to support consolidation. Id. at 8 (citing Linton v. Angie's Inc., 288 F.R.D. 432, 434 (D.S.D. 2012)). Defendants further argue that the Plaintiffs' "claims and position are fundamentally aligned, and consolidation will not alter the present case nor the positions of the parties." Id. at 9 (citing Enter. Bank, 21 F.3d at 236).

Plaintiffs in AbbVie, Inc. et al. v. Jackley et al. responded that "consolidation for administrative purposes would promote judicial economy" but they oppose more extensive consolidation, such as requiring consolidated briefs among the Plaintiffs in the three cases or joint discovery. Doc. 43 at 2–3 in 3:25-cv-03006-RAL.

Plaintiff AstraZeneca in AstraZeneca Pharms. LP v. Jackley et al. does not oppose consolidation "for administrative purposes, provided that AstraZeneca maintains the ability to separately brief and argue its position during the pendency of this matter." Doc. 15 at 2 in 4:25-cv-04156-RAL. However, AstraZeneca opposes consolidation of the complaints. Id. It argues that the differences in the cases will require separate responses and may require different approaches to discovery and other evidentiary issues. Id. AstraZeneca highlights that although it "is a member of PhRMA, [it] has opted out of representation by PhRMA for purposes of this litigation," and therefore, "AstraZeneca's membership in PhRMA is thus irrelevant to Defendants' motions for consolidation." Id.

Plaintiff PhRMA at the hearing did not oppose consolidation as long as it is allowed to separately brief and argue issues. Indeed, the Plaintiffs' main concern about consolidation was the

impact of consolidation on their abilities to argue separately and possibly to have separate trials in the cases.

For the foregoing reasons, it is

ORDERED that Defendants' Motions to Consolidate, Doc. 42 in 3:25-cv-03006-RAL; Doc. 2 in 3:25-cv-03021-RAL; Doc. 8 in 4:25-cv-04156-RAL, are granted to the extent that this Court will consolidate the cases to the extent that the Defendants may file a single motion and supporting brief seeking dismissal in 3:25-cv-03021-RAL and 4:25-cv-04156-RAL, and any reply brief, in both of those case files. This Court likely will conduct a single hearing on any motion to dismiss in all three cases. Any discovery proceedings may well be consolidated. But the cases are not formally consolidated into a single case, Plaintiffs are allowed to file separate briefs, and the preliminary injunction motion filed in AbbVie, Inc. et al. v. Jackley et al. will be handled separately in that case.

DATED this 21st day of November, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE